IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>C&J WELL SERVICES, INC.,<br><br>Defendant. | Case No. 1:19-cr-079<br><br>PLEA AGREEMENT |

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Drew H. Wrigley, United States Attorney for the District of North Dakota, and Gary L. Delorme, Assistant United States Attorney; Christopher J. Costantini, Senior Trial Attorney; Samuel Lord, Trial Attorney; defendant, C&J WELL SERVICES, INC. ("defendant"); and defendant's counsel, Nadira Clarke and Anne Carpenter, agree to the following:

1. Defendant acknowledges the Information charges a violation of Title 29, United States Code, Section 666(e).

2. Defendant has read the Information and defendant's attorneys have fully explained the charge to defendant.

3. Defendant fully understands the nature and elements of the charged crime, a willful violation of an Occupational Safety and Health Act (OSH Act) standard causing death.

4. Defendant will voluntarily plead guilty to Count One of the Information.

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c)(1)(C). Defendant understands that, if the Court rejects this Agreement, the Court must: (a) inform the parties that the Court rejects the Agreement; (b) advise defendant's counsel that the Court is not required to follow the Agreement and afford defendant the opportunity to withdraw its plea; and (c) advise defendant that if the plea is not withdrawn, the Court may dispose of the case less favorably toward defendant than the Agreement contemplated. If the Court rejects this Agreement and the defendant withdraws its plea, then the Statement of Facts, Criminal Information, Plea Agreement, and all other statements made during a proceeding under Federal Rule of Criminal Procedure 11, or during plea discussions, are not admissible against defendant. Defendant further understands that if the Court refuses to accept any provision of this Agreement, neither party shall be bound by the provisions of the Agreement.

6. Defendant will plead guilty because defendant is in fact guilty of the charge of a willful violation of an OSH Act standard causing death. In pleading guilty to Count One, defendant acknowledges that the facts contained in the attached Joint Factual Statement are true and correct and provide a sufficient factual basis for the guilty plea in this case.

7. Defendant understands the following maximum penalties apply:

<u>Count One</u>

Imprisonment:       Not applicable
Fine:               $500,000
Supervised Release: Not applicable

2

Probation:             Five year maximum term
Special Assessment:    $50

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

8. Defendant understands that by pleading guilty defendant surrenders rights, including:

    (a) The right to a speedy public jury trial and related rights as follow:

        (i) A jury would be composed of twelve lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

        (ii) If a trial were held without a jury, then the Court would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

        (iii) At a trial, whether by a jury or Court, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for

3

defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

9. Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver.

10. In exchange for defendant's guilty plea and defendant's fulfillment of all of its obligations under this Plea Agreement, the government agrees that it will not file additional criminal charges against defendant related to any conduct referenced in or related to the Joint Factual Statement, or the investigation of this matter.

11. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in Title 18, United States Code, Section 3553(a). Because the crime of conviction is a Class B misdemeanor, the United States' Sentencing Commission, Guidelines Manual, does not apply. The parties have agreed to a joint sentencing recommendation pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Defendant and the government agree to file a joint motion requesting that the Court exercise its sentencing authority without the preparation of a pre-sentence investigation report, as permitted by Federal Rule of Criminal Procedure 32(c).

12. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota and the Environment and Natural Resources Division of the Department of Justice. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to

4

prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

13. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

14. At sentencing, the United States and defendant will jointly recommend the following sentence:

(a) that defendant be ordered to pay a fine of $500,000;

(b) that defendant be ordered to pay restitution to the estate of the victim, Dustin Payne, in the amount of $1,600,000;

(c) that defendant be ordered to pay a special assessment of $50;

(d) that defendant be ordered to perform a three-year term of probation to include the following special conditions:

(i) defendant will allow Occupational Safety and Health Administration (OSHA) personnel to inspect defendant's domestic facilities and equipment without a warrant, without advance notice, and without a specified inspection reason, and that OSHA may issue citations or take other lawful enforcement actions during such inspections;

(ii) OSHA will have access to and the right to require production of documents in the possession or control of defendant, subject to limitations of privilege, which OSHA reasonably requires to determine defendant's compliance with the OSH Act; and

(iii) OSHA will have the authority to interview privately any agent or employee of defendant concerning any matter related to compliance with the OSH Act, subject to limitations of privilege.

15. Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the federal grand jury, may be used against defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement(s), or false declaration(s), if defendant commits such acts in connection with this agreement.

16. Defendant acknowledges and agrees that the Court will order defendant to make restitution to the estate of Dustin Payne in the amount of $1,600,000, payable to the Clerk of Court within ten days and to be distributed to the estate by the Clerk thereafter.

17. Defendant will provide ongoing cooperation with the government's investigation of the Dustin Payne fatality and related subjects by making reasonable efforts to respond to requests for information and documents that are reasonably targeted

to specific topics, custodians, and time frames. Defendant will make reasonable efforts to provide and produce relevant information and documents in response to such requests, and to make current employees available for interviews by the government. Defendant agrees to provide certifications for the information and documents produced during the period of defendant's cooperation, including as applicable, certifications of authenticity, business record certifications, and certifications of the non-existence of a record, to the extent that defendant is able make such certifications in good faith based on the knowledge of current corporate custodians and information maintained by current corporate custodians.

The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

18.   **Defendant's Waiver of Appeal.** Defendants have a right to appeal their conviction and sentence (Judgment), unless they agree otherwise. Appeals are taken to the United States Court of Appeals for the Eighth Circuit (appellate court), pursuant to Title 18, United States Code, Section 3742(a). The appellate court has ruled that defendants can waive (give up) their right to appeal. Defendants often waive their right to appeal as part of a plea agreement and in exchange for concessions by the United States. The appellate court will enforce such waivers.

Defendant and defendant's attorney acknowledge they have fully reviewed and fully discussed the record in this case and all issues that may be raised on appeal. They

have fully discussed defendant's right of appeal and the consequences of waiver. Defendant has decided to waive any right of appeal, except as may be provided herein.

By signing this Plea Agreement, defendant voluntarily waives defendant's right to appeal the Court's Judgment against defendant; and, absent a claim of ineffective assistance of counsel, defendant waives all rights to contest the Judgment in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255. Defendant reserves only the right to appeal from a sentence that is greater than the statutory maximum penalties applicable to the offense, including the maximum fine provided for a misdemeanor causing death under Title 18, United States Code, Section 3571(c)(4).

Defendant understands that the United States was motivated by defendant's willingness to waive any right of appeal when the United States chose to offer defendant terms of a plea agreement. In other words, the United States was willing to offer certain terms favorable to defendant in exchange for finality. Defendant understands and agrees this case will be over once defendant has been sentenced by the Court. Defendant agrees that it will be a breach of this agreement if defendant appeals in violation of this agreement. The United States will rely upon defendant's waiver and breach as a basis for dismissal of the appeal. Defendant agrees an appeal in violation of this agreement should be dismissed.

By signing this Plea Agreement, defendant further specifically waives defendant's right to seek to withdraw defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this

agreement. The appellate court will enforce such waivers. Defendant agrees that any attempt to withdraw defendant's plea will be denied and any appeal of such denial should be dismissed.

19. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorneys have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

DREW H. WRIGLEY
United States Attorney

Dated: 5 /2 1/ 2019

By: GARY L. DELORME
Assistant United States Attorney

Dated: 5/29/19

By: SAMUEL CHARLES LORD
Trial Attorney

CHRISTOPHER J. COSTANTINI
Senior Trial Attorney

Dated: 5/23/19

DANIELLE HUNTER, Representative for
C&J WELL SERVICES, INC., Defendant

Dated: 5/28/19

NADIRA CLARKE
Attorney for Defendant

9