IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>C&J WELL SERVICES, INC.,<br><br>　　　　　Defendant. | Case No. Enter Case# 1:19-cr-079 |

## UNOPPOSED MOTION TO WAIVE PREPARATION OF A PRE-SENTENCE INVESTIGATION REPORT AND TO PROCEED TO SENTENCING AT THE TIME OF ARRAIGNMENT AND GUILTY PLEA

The United States, through undersigned counsel, respectfully requests that the Court waive the preparation of a pre-sentence investigation report and proceed to sentencing at the time of the arraignment and guilty plea in this case. Counsel for the Defendant, C&J Well Services, does not oppose this motion and joins in the request for a consolidated plea and sentencing hearing without the preparation of a presentence investigation report.

The Defendant has been charged in a one count Information with a criminal violation of the Occupational Safety and Health Act, 29 U.S.C. 666(e). The United States and the Defendant have entered into a plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, under which the parties agree that a specific sentence is the appropriate disposition of the case and further agree to make a specific sentencing recommendation that binds the court if the court accepts the Defendant's guilty plea.

Rule 32(c) of the Federal Rules of Criminal Procedure permits the Court to forego a presentence investigation if the Court finds that the information in the record enables it to meaningfully exercise its sentencing authority under Title 18, United States Code, Section 3553,

and the Court explains its finding on the record. Similarly, Rule 11(c)(3)(A) of the Federal Rules of Criminal Procedure permits a Court to accept a Rule 11(c)(1)(C) plea agreement without the preparation of a presentence report.

The government respectfully submits that the record before the Court, including the Information, the Statement of Facts, and the Plea Agreement, enables the Court to meaningfully exercise its sentencing authority, and that the agreed-upon sentence—which includes a $500,000 fine, $1.6 million in restitution to the victim's estate, and a three-year term of corporate probation with special conditions related to government inspections of the Defendant's facilities and equipment—appropriately accounts for the Section 3553 sentencing factors. Because the crime of conviction is a Class B misdemeanor, the sentencing guidelines do not apply. U.S. SENTENCING GUIDELINES MANUAL § 1B1.9.

Because restitution in this matter already has been calculated and agreed to, the government does not believe that a presentence investigation of potential restitution is required under 18 U.S.C. § 3664(d)(2). The government has satisfied its obligations under 18 U.S.C. § 3771, and has been and will remain in communication with the victim's representative (the executor of his estate and nearest surviving family member), who does not object to the restitution order or any other provision of the plea agreement. The victim's representative wishes to attend the plea/sentencing hearing contemplated by this motion.

Proceeding to sentencing at the time of the plea hearing would reduce the travel burden and costs on the Parties and members of the victim's family, none of whom are located in or near North Dakota. As indicated above, the Defendant joins in the request for a consolidated hearing.

## CONCLUSION

The government respectfully requests that the Court waive preparation of a presentence investigation report and schedule this matter for a combined plea and sentencing hearing.

Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Env't and Natural Resources Div.
U.S. Department of Justice

By: */s/ Samuel Lord*
Samuel Charles Lord
Trial Attorney

Christopher J. Costantini
Senior Trial Attorney

Environmental Crimes Section
U.S. Department of Justice
601 D St. NW, #2012
Washington, D.C. 20004
(202) 205-0328
Samuel.Lord@usdoj.gov

Dated: June 3, 2019

3

## CERTIFICATE OF SERVICE

I certify that on June 3, 2019, a true and correct copy of the **Unopposed Motion to Waive Preparation of a Pre-Sentence Investigation Report and to Proceed to Sentencing at the Time of Arraignment and Guilty Plea** was filed with the Court and served on the following by email:

>Nadira Clarke, Esq.
>*Counsel for C&J Energy Services*
>KattenMuchinRosenman LLP
>2900 K Street NW
>North Tower – Suite 200
>Washington, DC 20007-5118
>Nadira.Clarke@kattenlaw.com

Samuel Charles Lord
Trial Attorney
U.S. Department of Justice